UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DSC, LTD.,
a Michigan corporation,

Debtor.
_____________________________________/

Case No. 05-42508
Involuntary Proceeding
Judge Thomas J. Tucker

EBNER FURNACES, INC. , *et al.*,

Plaintiffs,

v.

Adv. Pro. No. 05-4161

GIBRALTAR LAND COMPANY, a Michigan corporation
d/b/a COUNTRYWIDE LANDFILL, *et al.*,

Defendants.
_____________________________________/

**OPINION REGARDING DEFENDANTS' MOTION FOR SANCTIONS (DOCKET # 76)**

This adversary proceeding is before the Court on the Defendants' "Motion for Sanctions" (Docket #76), which seeks sanctions against the Plaintiffs and their counsel based on Fed.R.Bankr.P. 9011. The Court held a hearing on the motion, and later stayed further proceedings on the motion, pending the Court's ruling on motions in a different case, on an issue relevant to the sanctions motion in this case. *See* Order Temporarily Staying Decision on Defendants' Motion for Sanctions (Docket # 95). As discussed below, the Court recently decided the motions in the other adversary proceeding, so the Motion for Sanctions in this case is ready for decision. For the reasons stated below, the Court will deny the motion.

## I. Background

After filing an involuntary bankruptcy petition against DSC, Ltd. on January 27, 2005 (Case No. 05-42508), Plaintiffs filed their Complaint initiating this adversary proceeding, on February 16, 2005. The Complaint named sixteen defendants, and contained two counts. Count I sought the substantive consolidation of all of the Defendants "within the bankruptcy estate of DSC, Ltd."[1] Count II sought the equitable subordination, under 11 U.S.C. § 510(c), of "the secured debt owed by [DSC, Ltd.] and any of the Defendants to [Defendant] Durham Partners, LLC."[2]

The same day they filed their Complaint, Plaintiffs filed a motion seeking a temporary restraining order and a preliminary injunction. The motion sought orders "enjoining [DSC, Ltd.] and any of the Defendants (particularly Trenton Land Holdings, LLC and Gibralter Land Company) from transferring or disposing of any real or personal property in their possession or control," until the Court resolved Plaintiffs' claims for substantive consolidation and equitable subordination.[3]

---

[1] As this Court recently explained in another case,

> Substantive consolidation "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities (save for inter-entity liabilities, which are erased). The result is that claims of creditors against separate debtors morph to claims against the consolidated survivor." *In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005).

*Gold v. Winget* (*In re NM Holdings Co., LLC*), __ B.R. __, Adv. No. 04-4373, 2009 WL 1372982 (Bankr. E.D. Mich. May 18, 2009)(Docket # 356 at 56-57).

[2] Compl., Docket # 1 at 1-7, 20, 22.

[3] Docket # 2 at 2.

The Court held an expedited hearing on the motion for temporary restraining order on February 17, 2005, and at the conclusion of the hearing denied that motion.[4] The Court later set the motion for preliminary injunction for an evidentiary hearing, initially scheduled to begin on March 8, 2005.[5] The Defendants filed both an answer to Plaintiffs' Complaint and a motion to dismiss this adversary proceeding, on March 17 and 22, 2005, respectively.[6]

The evidentiary hearing on the Plaintiffs' motion for preliminary injunction, and a hearing on the Defendants' motion to dismiss, were adjourned several times, due to the expedited trial held on the amended involuntary bankruptcy petition in the main case. That trial took seven days of trial time. It began on March 1, 2005, and concluded on April 12, 2005. On April 26, 2005, the Court issued a bench opinion and dismissed the main bankruptcy case, subject only to a limited retention of jurisdiction.[7] Because the main bankruptcy case was dismissed, the Court concluded, *sua sponte*, that there was no longer subject matter jurisdiction over this adversary proceeding, and dismissed it for that reason.[8] The Defendants' motion for sanctions followed.

**II. Defendants' arguments for sanctions**

Defendants argue that Plaintiffs' counsel violated Fed.R.Bankr.P. 9011(b) in this adversary proceeding, in several ways. That rule provides, in pertinent part:

---

[4] Order, Docket # 28.

[5] Order, Docket # 44.

[6] Docket ## 47, 49.

[7] The dismissal was later affirmed on appeal, by both the district court and the court of appeals. *In re DSC Ltd.*, No. 05-72779, 2006 WL 800709 (E.D. Mich. March 28, 2006); *aff'd.*, 486 F.3d 940 (6th Cir. 2007).

[8] Order, Docket # 75.

> **(b) Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support. . . .

"[T]he test for imposing Rule 9011 sanctions is whether the individual's conduct was reasonable under the circumstances" at the time of the conduct, without the use of hindsight. *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 481 (6th Cir. 1996); *see also In re Opra*, 365 B.R. 728, 741 (Bankr. E.D. Mich. 2007).

The Court will consider each of the Defendants' Rule 9011 arguments in turn.

**A. Bad faith/improper purpose**

Defendants argue that the Complaint and the injunction motion were filed and pursued "for an improper purpose," contrary to Rule 9011(b)(1), and as part of Plaintiffs' bad faith motives in filing and pursuing the involuntary bankruptcy petition against DSC. In their sanctions motion, Defendants allege:

> Both the Complaint and the Injunction Motion were presented for an improper purpose, specifically to harass Defendants, to discover information concerning real property owned by certain of the Defendants, and ultimately for Plaintiffs, Riverview-Trenton

> Railroad Company or Crown Enterprises, Inc., or their principal, Manuel Maroun, to gain control of certain real property owned by certain of the Defendants.[9]

Similarly, in their brief, Defendants allege:

> Plaintiffs' Complaint, as well as the Injunction Motion and the other pleadings in this adversary proceeding, were presented for an improper purpose. The evidence already introduced in connection with the contested involuntary petition and amended petition shows that the purpose of RTR and Crown was to discover information to which they were not entitled concerning real property owned by some Defendants, to destroy Defendants' businesses, and to obtain control over the Defendants, and ultimately their real property.[10]

The Court concludes that Defendants have failed to substantiate these allegations, and that they are without merit. In a previous opinion filed in the *DSC* bankruptcy case, the Court found and concluded as follows:

> This Court previously found, based on the evidence presented at trial, that:
>
> > 1. The Alleged Debtor DSC, Limited failed to meet its burden of proving that either Crown or [RTR] filed the involuntary petition or the amended involuntary petition in bad faith, within the meaning of 11 U.S.C. § 303(i)(2).
> >
> > 2. Neither Crown nor [RTR] filed the involuntary petition or the amended involuntary petition in bad faith, within the meaning of 11 U.S.C. § 303(i)(2).
> >
> > 3. In filing the involuntary petition and the amended involuntary petition, the motives of Crown and [RTR] were to use the bankruptcy case and

---

[9] Docket # 76 at 1-2, ¶ 8.

[10] Docket # 77 at 6.

> bankruptcy process for legitimate, bankruptcy-related purposes, in a continuing effort to protect their rights and pursue their claims against the Alleged Debtor DSC, Limited and related persons and entities.
>
> 4. In filing the involuntary petition and the amended involuntary petition, Crown and [RTR] each had a good faith belief that they had good grounds to obtain an order for bankruptcy relief against the Alleged Debtor.
>
> 5. While Crown and [RTR] were ultimately unsuccessful, after trial, in prosecuting the involuntary case against the Alleged Debtor, when they filed the petition and the amended petition they had substantially more than a colorable basis to believe that they were qualifying creditors under 11 U.S.C. § 303(b)(1), that there would be enough qualifying creditors under 11 U.S.C. § 303(b)(1), and that the Court would enter an order for relief against the Alleged Debtor under 11 U.S.C. § 303(h).
>
> The Court adheres to these findings. Based on these findings, and on the evidence presented at trial, the Court concludes that (1) Crown and RTR acted reasonably in both filing and pursuing their involuntary bankruptcy petition against DSC, even though ultimately they were (barely) unsuccessful; and (2) Crown's and RTR's motives and objectives were not improper.

*In re DSC, Ltd.*, 387 B.R. 174, 181 (Bankr. E.D. Mich. 2008)(footnote omitted).[11] These same findings and conclusions apply as well to the Plaintiffs' filing of their Complaint and injunction motion in this adversary proceeding. Plaintiffs did not present these items "for any improper purpose," and therefore did not violate Rule 9011(b)(1).

[11] Case No. 05-42508, Docket # 248 at 12-13, quoting in part from Docket # 210 at 2-3.

**B. Not warranted by existing law, etc.**

Defendants argue that the Complaint and the injunction motion were filed and pursued in violation of Rule 9011(b)(2), because, in the words of the Rule, "the claims . . . and other legal contentions therein" were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

One reason this is so, Defendants argue, is that both the substantive consolidation sought by Count I of the Complaint and the injunctive relief Plaintiffs sought were "plainly unavailable" under the United States Supreme Court's decision in *Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). The Court disagrees.

In another adversary proceeding, the Court recently discussed at length, and ruled on, the extent to which bankruptcy courts have authority to invoke the remedy of substantive consolidation in light of the *Grupo Mexicano* case. *See Gold v. Winget* (*In re NM Holdings Co., LLC*), __ B.R. __, 2009, Adv. No. 04-4373, 2009 WL 1372982 (Bankr. E.D. Mich. May 18, 2009)(Docket # 356 at 56-68). In light of that discussion and ruling, the Court must reject Defendants' argument in this case. Neither the substantive consolidation nor the injunctive relief Plaintiffs sought in this adversary proceeding was "plainly unavailable" under *Grupo Mexicano*.

Another reason why Plaintiffs violated Rule 9011(b)(2), Defendants argue, is because Plaintiffs had no standing to pursue a claim for substantive consolidation, especially before any order for relief was entered in DSC's involuntary bankruptcy case. Rather, Defendants argue, only a bankruptcy trustee or debtor-in-possession would have standing to seek substantive consolidation. But as Defendants point out, there are cases holding that an individual creditor may seek substantive consolidation of a bankruptcy debtor with other entities. *See, e.g.*,

*Bracaglia v. Manzo (In re United Stairs Corp.)*, 176 B.R. 359, 367 (Bankr. D.N.J. 1995); *In re Tito Castro Constr., Inc.*, 14 B.R. 569, 571 (Bankr. D.P.R. 1981); *see also In re Bonham*, 226 B.R. 56, 94 (Bankr. D.Alaska 1998)(dicta). So it was not frivolous for Plaintiffs to seek substantive consolidation in this adversary proceeding.

A similar response applies to Defendants' argument that a claim for substantive consolidation and preliminary injunctive relief cannot be brought in an involuntary bankruptcy case during the so-called "gap" period, *i.e.*, during the time after an involuntary bankruptcy petition is filed under 11 U.S.C. § 303(b) but before an order for relief is entered under 11 U.S.C. § 303(h). Plaintiffs argue, among other things, that Section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), authorizes the type of injunctive relief they sought here during the gap period. That section grants a bankruptcy court broad authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Plaintiffs argue that the injunctive relief they sought was "necessary or appropriate to carry out the provisions of the Bankruptcy Code," because they sought to prevent fraudulent transfers and other dissipation of assets that would *ultimately* become part of the debtor DSC's bankruptcy estate, *if* an order for relief was later entered against DSC *and* substantive consolidation was ordered. At oral argument on the sanctions motion, counsel for both Plaintiffs and Defendants acknowledged that they were not aware of any case law on whether § 105(a) authorizes such injunctive relief during the gap period in an involuntary bankruptcy case. It is unnecessary to decide whether Plaintiffs' § 105(a) argument was legally correct. It is enough to conclude, as the Court does here, that Plaintiffs' argument was not frivolous. Rather, the argument was *at least* "warranted by . . . a nonfrivolous argument for the extension . . . of existing law or the

establishment of new law" within the meaning of Rule 9011(b)(2).

The Court concludes that Plaintiffs claims and legal contentions in both the Complaint and the injunction motion *were* "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Thus, Plaintiffs did not violate Rule 9011(b)(2).

### C. Allegations lacking evidentiary support, etc.

Finally, Defendants argue that the Complaint and the injunction motion violated Rule 9011(b)(3), because, in the words of the rule, Plaintiffs' "allegations and other factual contentions" lacked "evidentiary support." Having considered the briefs and other papers filed by both sides, however, the Court concludes that this claim is without merit, and that no violation of Rule 9011(b)(3) has been shown.

## III. Conclusion

For the reasons stated in this opinion, the Court concludes that Defendants have failed to demonstrate that Plaintiffs or their counsel violated Rule 9011(b) in any respect. The Court will enter an order denying Defendants' Motion for Sanctions.

**Signed on June 1, 2009**

**/s/ Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**